## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROOKE TAYLOR JOHNSON, KIM COZZENS, CLARK FLORIAN, DESSIE MITCHESON, LAURIE ANN YOUNG, LINA POSADA, LUCY PINDER, PAOLA CANAS, TIFFANY TOTH, AND MARIANA DAVALOS, <br><br> Plaintiffs, <br><br> v. <br><br> PARK AVENUE RESTAURANT CORP. D/B/A TABOO MEN'S CLUB, <br><br> Defendant. | **OPINION** <br> Civ. No. 17-7452 (WHW-CLW) |

**Walls, Senior District Judge**

In this action involving alleged misappropriations of likenesses, Defendant Park Avenue Restaurant Corp. d/b/a Taboo Men's Club ("Park Avenue") moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Brooke Taylor Johnson, Kim Cozzens, Clark Florian, Dessie Mitcheson, Laurie Ann Young, Lina Posada, Lucy Pinder, Paola Canas, Tiffany Toth, and Mariana Davalos (collectively, "Plaintiffs") oppose. Decided without oral argument under Federal Rule of Civil Procedure 78, the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, all models and actors residing in California, Florida, or the United Kingdom, filed a four-count complaint against Park Avenue on September 25, 2017. ECF No. 1. Park Avenue, a New Jersey corporation with a principal place of business in Linden, New Jersey, operates the Taboo Men's Club ("Taboo") in the same city. *Id.* at ¶ 11–12. Plaintiffs assert claims for (i) misappropriation of likeness under New Jersey common law (Count 1); (ii) false

endorsement under the Lanham Act (Count 2); (iii) unfair competition under New Jersey state law (Count 3); and (iv) unfair competition under New Jersey common law (Count 4).

The thrust of Plaintiffs' complaint is that Park Avenue "repeatedly, without consent, misappropriated Plaintiffs' images and likenesses and used them in its advertisements for its strip club." *Id.* at ¶ 22. Between 2013 and 2016, Park Avenue used images of Plaintiffs in advertisements posted to its social-media accounts on Facebook and Instagram. *Id.* at ¶ 23. Plaintiffs, each of whom "earns a living by commercializing her identity, image, and likeness through negotiated, arms-length transactions with reputable commercial brands and companies," and "expend[s] substantial efforts, resources, and time in building her reputation in the modeling industry," never received any compensation from Park Avenue. *Id.* at ¶¶ 17–19, 27.

## STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal where the non-moving party fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

**NOT FOR PUBLICATION**

## DISCUSSION

### 1. Lanham Act Claim (Count 2)

To state a false-endorsement claim under the Lanham Act, "a plaintiff must show that: (1) its mark is legally protectable; (2) it owns the mark; and (3) the defendant's use of the mark to identify its goods or services is likely to create confusion concerning the plaintiff's sponsorship or approval of those goods or services." *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3d Cir. 2008).

Park Avenue principally contends that it is on the third element, consumer confusion, that Plaintiffs' claim must fail. The Third Circuit considers eight factors when evaluating the likelihood of consumer confusion in a false-endorsement case:

> (1) the level of recognition that the plaintiff has among the segment of the society for whom the defendant's product is intended; (2) the relatedness of the fame or success of the plaintiff to the defendant's product; (3) the similarity of the likeness used by the defendant to the actual plaintiff; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent [in] selecting the plaintiff; and (8) likelihood of expansion of the product lines.

*Facenda*, 542 F.3d at 1019 (citing *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007–08 (9th Cir. 2001)). To the fourth factor, the Third Circuit has added "the length of time the defendant employed the allegedly infringing work before any evidence of actual confusion arose." *Id.* at 1020. "The weight given to each factor in the overall picture, as well as its weighing for plaintiff or defendant, must be done on an individual fact-specific basis. Not all of the factors are present in every case." *Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.3d 466, 476 n.11 (3d Cir. 1994).

Park Avenue argues that Plaintiffs fail to sufficiently allege consumer confusion in two ways. First, Plaintiffs do not claim to be well-known to the consuming public. Second, the

3

social-media posts themselves do not suggest Plaintiffs' endorsement of Park Avenue's business. These arguments focus primarily on the first, third, and fifth *Facenda* factors.

> a. *Factor 1: The level of recognition that Plaintiffs have among the segment of the society for whom the defendant's product is intended.*

Plaintiffs allege broad recognition. As example, the Complaint alleges that "Plaintiffs, through their careers in modeling, advertising, and acting, have all attained significant fame and celebrity," and "[e]ach Plaintiff enjoys a substantial social media following and has appeared in publications, television, and movies . . . ." Compl. ¶¶ 161–62. Furthermore, Plaintiffs "are well known among the customer base [Park Avenue] sought to reach with its advertisements," and they each "promote themselves" using the same social-media platforms on which Park Avenue advertised their allegedly misappropriated images. *Id.* ¶¶ 175, 178.

To support its lack-of-celebrity argument, Park Avenue principally relies on *Albert v. Apex Fitness, Inc.*, No. 97-1151, 1997 WL 323899 (S.D.N.Y. June 13, 1997), and *Pelton v. Rexall Sundown, Inc.*, No. 99-4342, 2001 WL 327164 (S.D.N.Y. April 4, 2001). In *Albert*, the court denied the defendant's motion to dismiss a Lanham Act false-endorsement claim where the complaint alleged that the plaintiff was "a professional model" but did not "claim that he [was] well known or a celebrity." 1997 WL 323899, at *1. In *Pelton*, the court granted summary judgment to the defendant where, "despite characteriz[ing] herself as an internationally known model," the plaintiff supplied "no evidence that she is a recognizable celebrity." 2001 WL 327164, at *3.

Neither case aids Park Avenue. Unlike the plaintiff in *Albert*, Plaintiffs allege that they have "attained significant fame and celebrity." And *Pelton* involved a motion for summary judgment, not a motion to dismiss; the Court must accept Plaintiffs' allegations as true. At any rate, the *Pelton* court recognized that "consumer confusion is usually a question of fact" for a

jury, and not one to be resolved on a motion for summary judgment, let alone a motion to dismiss. *Id.*; *accord 800-JR Cigar, Inc. v. GoTo.com, Inc.*, 437 F. Supp. 2d 273, 285 (D.N.J. 2006) ("The likelihood of confusion is a highly factual issue, and accordingly summary judgment for either party is unlikely, absent a particularly one-sided factual record on this issue.").

A number of recent cases in the Middle District of Florida resolved this issue in Plaintiffs' favor. In *Krupa v. Platinum Plus, LLC*, No. 16-3189, 2017 WL 1050222 (M.D. Fla. March 20, 2017), two plaintiffs (including Ms. Posada, a plaintiff in this action) sued a gentlemen's club for using their images to promote its events. In denying the defendant's motion to dismiss the plaintiffs' false-endorsement claim, the court noted that "Plaintiffs allege the marks infringed upon were their respective images or likenesses and, to show the degree of protection warranted for those marks, they allege the number of followers on social media, which is substantial, and the extensive work they have done in the modeling industry. In addition, Plaintiffs allege they use the same methods of advertising, social media, as [the defendant]." *Id.* at *6; *see Lancaster v. Bottle Club, LLC*, No. 17-634, 2017 WL 3008434 (M.D. Fla. July 14, 2017) (denying motion to dismiss false-endorsement claim where the plaintiffs alleged "their extensive work history in the modeling industry and their numbers of followers on social media," and "that many use the same methods of advertising, social media, as Defendants"); *Gibson v. White's Palace, LLC*, Nos. 16-392, 16-393, 16-394, 2017 WL 4169690 (M.D. Fla. Sept. 20, 2017) (agreeing with *Krupa*'s and *Bottle Club*'s reasoning that "plaintiffs' allegations of substantial modeling careers and social media followings coupled with their use of social media to advertise, were sufficient to survive a motion to dismiss").

Accepting Plaintiffs' allegations as true, this factor weighs in their favor.

b. *Factor 2: The relatedness of Plaintiffs' fame or success to Park Avenue's product.*

Plaintiffs are professional models and actresses who "earn[] a living by commercializing [their] image[s] and likeness[es] . . . ." Compl. ¶ 17. Park Avenue is the operator of a Linden strip club, and advertises its club on social media using images of attractive women. *Id.* ¶¶ 12–13. Park Avenue's product no doubt relies on commercializing the images of attractive women. The Complaint alleges that Park Avenue "chose Plaintiffs precisely because of their level of recognition among the demographic of consumers Defendant targets with its advertisements." *Id.* ¶ 177. Accepting Plaintiff's allegations as true, this factor weighs in their favor.

c. *Factor 3: The similarity of the likeness used by Park Avenue to the actual Plaintiffs.*

The images Park Avenue used in its social-media advertisements are images of Plaintiffs, and are thus exact replicas of their likenesses. The Complaint alleges that, in each of the photographs depicting Plaintiffs, they are "readily identifiable and any person seeing the photograph with the naked eye can reasonably determine" each model's identity. *E.g.*, Compl. ¶ 35. Accepting Plaintiff's allegations as true, this factor weighs in their favor. *See Dorsey v. Black Pearl Books, Inc.*, No. 06-2940, 2006 WL 3327874, at *8 (D.N.J. Nov. 14, 2006) (finding this factor weighed in plaintiff's favor because photographs of plaintiff were "exact replicas of his likeness").

d. *Factor 5: Marketing channels used.*

According to the Complaint, "Defendant placed the misappropriated images on the very same marketing channels (i.e. Facebook, Instagram, and Twitter) used by Plaintiffs to promote themselves." Compl. ¶ 178; *see Facenda*, 542 F.3d at 1025 n.10 (noting courts should assess "whether the defendant used marketing channels in which the plaintiff's endorsements are likely

to appear"). The Court is cognizant that the ubiquitous use of social media for commercial

promotion makes those mediums vast marketing channels that may, depending on the facts of the

case, result in little or no likelihood of consumer confusion. *See Kinbook, LLC v. Microsoft

Corp.*, 866 F. Supp. 2d 453, 470 (E.D. Pa. 2012) ("'[A] non-specific reference to Internet use is

no more proof of a company's marketing channels than the fact that it is listed in the Yellow

Pages of the telephone directory.' In today's commercial world, a company's presence on

Facebook is no different." (quoting *Therma–Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 637

(6th Cir.2002)). But whether the specific social-media marketing channels Park Avenue uses are

sufficiently similar to those used by Plaintiffs "is a fact intensive inquiry" not appropriate for this

stage of proceedings. *Checkpoint Systems, Inc. v. Check Point Software Technologies, Inc.*, 269

F.3d 270, 289 (3d Cir. 2001). For now, the Court finds that this factor weighs in Plaintiffs'

favor.

e. *Factor 7: Park Avenue's intent in selecting Plaintiffs.*

The Complaint alleges that Park Avenue "chose Plaintiffs precisely because of their level

of recognition among the demographic of consumers Defendant targets with its advertisements,"

and, in doing so, "clearly intended to create the false impression that Plaintiffs performed at or

otherwise endorsed" Park Avenue's club. Compl. ¶¶ 176–77. Plaintiffs find further proof of

Park Avenue's intent in its decision to "place[] the misappropriated images on the very same

marketing channels (i.e. Facebook, Instagram, and Twitter) used by Plaintiffs to promote

themselves." *Id.* ¶ 178. Furthermore, Park Avenue "knew or should have known that, given

Plaintiffs' careers as professional models, obtaining the right to use their images and likenesses

would have required consent and compensation," and its "repeated and brazen unauthorized use

of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and

deliberate conduct." *Id.* ¶¶ 181–82. Accepting these allegations as true, the Court finds that this factor weighs in Plaintiffs' favor.

### f. *The remaining factors.*

The Complaint does not contain any non-conclusory allegations regarding the remaining three factors: evidence of actual confusion, likely degree of purchaser care, and likelihood of expansion of the product lines. *See, e.g., id.* ¶ 180 ("Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendant's strip club business."). These factors do not weigh in Plaintiffs' favor.

### g. *Evaluation of the factors.*

The Court finds that, based on the allegations in the Complaint, five of the *Facenda* likelihood-of-confusion factors weigh in Plaintiffs' favor. Because "[n]ot all factors are present in every case," Plaintiffs' failure to plead three of eight factors is not grounds for dismissal. *Fisons Horticulture*, 30 F.3d at 476 n.11. Rather, "likelihood of confusion is a highly factual issue," and Plaintiffs plead in their complaint sufficient facts that, accepted as true, state a false-endorsement Lanham Act claim. *800-JR Cigar*, 437 F. Supp. 2d at 285; *see Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F.Supp.2d 402, 412 (S.D.N.Y. 2006) ("The likelihood of confusion test is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss.").

### 2. Plaintiffs' Remaining Claims.

Park Avenue makes the same arguments in support of its motion to dismiss Counts 3 and 4 (unfair competition under N.J.S.A 56:4-1 and New Jersey common law), because those claims also require Plaintiffs to establish a likelihood of consumer confusion. *See SK & F, Co. v.*

*Premo Pharmaceutical Laboratories, Inc.*, 625 F.2d 1055, 1066 (3d Cir. 1980) ("except for the interstate commerce requirement, the elements of the unfair competition torts proscribed by New Jersey law and by section 43(a) of the Lanham Act are the same"). For the reasons already stated, Park Avenue's motion to dismiss on this basis is denied.

Finally, Park Avenue argues that Count 1 (misappropriation of likeness) must be dismissed because "Park Avenue has not used Plaintiffs' pictures for purposes of 'taking advantage of their reputation, prestige, or other value associated with it,' and therefore do not make out a misappropriation claim." ECF No. 11-1 at 12 (quoting *Bisbee v. John C. Conover Agency, Inc.*, 186 N.J. Super. 335, 342 (App. Div. 1982)). Whether Park Avenue had such a purpose remains to be seen; what matters at this stage is Plaintiffs' pleading. The Court finds that Plaintiffs sufficiently allege that Park Avenue used their likenesses for the purposes of "appropriating to [its] benefit the commercial or other values associated with" Plaintiffs' likenesses. *Id.*; *see, e.g.,* Compl. ¶ 24 ("Defendant's use of Plaintiffs' images and likeness was for Defendant's commercial benefit and falsely suggests Plaintiffs' sponsorship, affiliation, and participation in Defendant's business."); *id.* ¶ 161 ("Plaintiffs, through their careers in modeling, advertising, and acting, have all attained significant fame and celebrity.").

## CONCLUSION

Park Avenue's motion to dismiss is denied. An appropriate order follows.

DATE: 28 March 2018

William H. Walls
Senior United States District Court Judge